## STATE v. W. E. BAUER.[1]

June 16, 1933.

No. 29,428.

*Eugene Rerat* and *Hughes & Rerat,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *Ed J. Goff,* County Attorney, and *William G. Compton,* Assistant County Attorney, for the state.

[1]Reported in 249 N. W. 40.

*HOLT, Justice.*

Defendant was convicted of the crime of carnal knowledge of a 15-year old girl and appeals from the order denying his motion for a new trial.

The first assignment of error relates to the refusal of the court to permit counsel of defendant to interrogate each prospective juror as to his knowledge of the law on these subjects, thus stated by him:

"May the record show that counsel for the defendant will ask the following questions of each prospective juror: First, that if the court instructs them that it is upon the state to prove the defendant's guilt beyond a reasonable doubt and if there is a reasonable doubt in their mind, if they will return a verdict of not guilty; second, counsel will explain to each prospective juror the fact that in a criminal case the law presumes the defendant to be innocent and that such presumption of innocence follows the defendant throughout this trial and until the state by competent evidence rebuts that presumption and satisfies a jury beyond a reasonable doubt as to the defendant's guilt; third, if the state fails to prove the defendant's guilt beyond a reasonable doubt, if a juror will return a verdict of not guilty to that question."

Litigants in a case, criminal or civil, are entitled to a fair, competent, and impartial jury. They should have the opportunity on the *voir dire* examination of the prospective jurors to ascertain their relationship to the parties and any bias they may entertain concerning the subject matter of the action. We may also assume they have the right to ascertain the mental competency of the jurors and to acquire sufficient knowledge of them so as to exercise intelligently the peremptories the statutes give. But jurors are not to undergo a course of instructions on the law at the hands of the attorneys, or to pass an examination therein, or to disclose in advance of the evidence how they will decide the case. On the law propositions upon which counsel proposed to interrogate he knew that no court would fail to instruct the jury selected, so he proposed to consume time to no purpose. Such examination as de-

fendant's counsel desired to make has been held improper. In State v. Douthitt, 26 N. M. 532, 538, 194 P. 879, 880, the court said:

"The examination of jurors would be interminable if parties were to be allowed to take up the whole law of the case item by item, and inquire as to the belief of the jurors and their willingness to apply it."

In People v. Conklin, 175 N. Y. 333, 340, 67 N. E. 624, 626, it was stated:

"A juror cannot be a law to himself, but is bound to follow the instructions of the court in that respect, and hence his knowledge or ignorance concerning questions of law is not a proper subject of inquiry upon the trial of the challenge for cause."

To the same effect are State v. Turley, 87 Vt. 163, 88 A. 562, and Ryan v. State, 115 Wis. 488, 92 N. W. 271. The learned trial court thus aptly characterized the procedure counsel sought to establish:

"Apart from the authorities above cited, if defendant has a legal right to examine, as a matter of law, prospective jurors, first instructing them as to the law and then exacting a promise to apply such law favorably to the defendant, then there is no limit to which he may not go. He may explain and exact a promise in reference to the law of circumstantial evidence, confessions, corroborating testimony, accomplices, credibility of witnesses, and numerous other matters which he thinks are favorable to his case. If he has this right the state has likewise the same right to inquire in reference to the law favorable to the state. * * * In the case at bar the defendant was expressly given the right to inquire of the juror if he would follow the instructions of the court in matters of law."

We think the record does not show that any right of defendant was violated in impaneling of the jury.

The only other assignment of error which merits comment is the permission granted the state to cross-examine and impeach the state's witness, the girl wronged, on the ground that the assistant county attorney who was trying the case was taken by surprise, when, in answer to his question, she testified that defendant had

sustained no illicit relations with her. Before the court permitted such cross-examination and impeachment, defendant was given the right to show, if it could be done, that the prosecuting attorney was not taken by surprise by the answer of the witness. He undertook to do this by showing that about ten days or so before trial the girl had been in the office of the county attorney and there stated to one of the many assistant county attorneys, not to the one who was trying the case, that she would not testify to defendant's guilt; that the written statement signed and verified by her some time before and her testimony before the grand jury that defendant had sexual relations with her were not true. The showing failed to trace knowledge of this change of the girl's story to the assistant county attorney who was trying the case. It appears there are some 12 assistants in the county attorney's office, and we think the court ruled rightly when holding that knowledge imparted to one assistant was not imputed to all. The court having found that the assistant county attorney trying the case was surprised by the answer the state's witness gave, it was within sound judicial discretion to permit the witness to be cross-examined by the state and to impeach her testimony that defendant had not carnally known her. We need but cite State v. Shae, 148 Minn. 368, 182 N. W. 445, and our previous cases therein referred to, to show that judicial discretion was not abused in the rulings made in this instance. See also Sneed v. U. S. (C. C. A.) 298 F. 911. Witort v. C. & N. W. Ry. Co. 170 Minn. 482, 212 N. W. 944, indicates that to have denied the state the privilege to cross-examine and impeach the state's witness here would have been an abuse of discretion. As impeachment of the girl's testimony that defendant had not carnally known her, the written statements signed and sworn to by her, her statements to a school officer, and to others, and her plea in juvenile court were properly admissible.

With the admissions just referred to, the testimony of the hotel clerk that defendant had registered this girl as his wife, that they had been assigned a room therein on two or three different occasions in the month referred to in the indictment, and to which room the

two went, there can be no merit to the contention that there was no evidence sufficient to establish the corpus delicti under the decision of State v. Nordstrom, 146 Minn. 136, 178 N. W. 164. The same must be said as to the claim that the evidence does not justify the verdict. The written admission signed by defendant in the presence of two witnesses who testified that they saw defendant sign it after reading the same so clearly and satisfactorily supports and warrants the verdict that only substantial errors in the rulings or in the charge should give defendant a new trial. We have already considered the rulings during the trial that seem to merit discussion and find none erroneous or prejudicial.

Taken as a whole, the charge was clear and covered all the questions of law adequately. The court was particularly painstaking in explaining to the jury that the statements of the girl, made to others prior to her testifying at this trial, of illicit relations with defendant were not to be considered as substantive proof of such relations with her, but were only to be considered in determining whether her testimony on the witness stand was true that defendant had not carnally known her. The only just criticism of the charge is found in the last clause of this sentence:

"Also, the jury are instructed that every man accused of crime is presumed to be innocent until he is proved guilty, but this presumption is for the benefit of the innocent and not intended as a shield or protection for the guilty."

The last clause gives no legal guide for the jury and might well have been omitted. The person on trial for a crime, the guilty equally with the innocent, may invoke the presumption. However, it is not conceivable that the objectionable clause prejudiced defendant. The presumption of innocence was conclusively overcome by the proof of guilt furnished by defendant himself.

There are other errors assigned. They have all been considered but are deemed of not sufficient merit to be discussed in an opinion.

The order is affirmed.