## Comonwealth v. Sindoni

*Nicholas Larzelere*, assistant district attorney, for Commonwealth.

*Wisler, Pearlstein, Talone & Gerber*, for defendant.

DANNEHOWER, J., February 3, 1955.—Two warrants were issued by a justice of the peace founded on the oaths and informations of Arthur J. Spragg and Lillian E. Taubel charging defendant, Frank S. Sindoni, in two separate transcripts with (27 in one, and 31 in the other) separate violations of sections 2*(f)* and 22 of the Act of July 10, 1941, P. L. 317, known as The Pennsylvania Securities Act, in that he, without being registered as a dealer or as a salesman for any registered dealer with the Pennsylvania Securities Commission, sold for or purchased from Lillian E. Taubel certain shares of stock, thereby gaining a selling commission or profit which was so gross and exorbitant as to be unconscionable and fraudulent.

One transcript shows only, "No hearing held defendant is a fugitive"; while the other shows, "Defendant a fugitive". The warrants attached to the transcripts addressed to any constable of said county show no return whatsoever. They do not show that the warrants were returned "not found" nor any effort to serve the warrants, nor any affidavit or testimony that defendant could not be found. The caption on each transcript shows: "Commonwealth of Pennsylvania v. Frank Sindoni, Atlantic City, New Jersey."

It is contended by counsel for defendant that in the absence of proper returns on the warrants, or of affidavits setting forth that an attempt was made to find defendant and serve the warrants, or that defendant could not be found, or in the absence of a hearing or testimony that the constable attempted to serve the warrants and was unable to find defendant, the transcripts are defective and should be quashed.

We have been unable to find any case which holds that the failure to make a proper return on or of the warrant will support a motion to quash the transcript. Nevertheless, there are numerous cases wherein the court refused to quash the indictment where the warrant had been returned "not found" and supported by an affidavit or sworn testimony to the effect that the officer made an attempt to serve the warrant and defendant could not be found within the jurisdiction: Commonwealth v. Reidy, 10 Kulp 370; Commonwealth v. Rogowski, 6 D. & C. 628; Commonwealth v. McCormick, 71 Pa. Superior Ct. 567.

Where a defendant is charged with crime before a justice of the peace and a warrant has issued and where the accused has fled the justice of the State and an indictment found is required previous to demanding him from a neighboring State, there should be a return on the warrant that the officer was unable to find the accused in his bailiwick, or what efforts were made to locate defendant, or sworn proof that defendant could not be found so that he could be legally indicted as a fugitive. Simply placing on the transcript, "No hearing held, defendant is a fugitive" with no return on the warrant or sworn testimony is not sufficient. If such defendant actually was in the jurisdiction, he was entitled to be arrested and to a preliminary hearing to establish a prime facie case against him and should not be indicted as a fugitive, because the first knowledge of any charge against him might well be after the indictment was found.

Since the statute of limitations has not run against some of these alleged offenses, other informations and warrants may issue and the accused brought to justice.

And now, February 3, 1955, for the foregoing reasons, the two transcripts against Frank Sindoni, defendant, being June term, 1954, nos. 419 and 420, are hereby quashed.