Commonwealth *v*. Baker, Appellant.

516

Argued November 18, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Albert E. Acker*, with him *Wiesen, Cusick, Madden, Joyce, Acker & McKay*, for appellant.

*E. M. Bell*, Assistant District Attorney, with him *John Q. Stranahan*, District Attorney, for appellee.

OPINION BY GUNTHER, J., January 21, 1958:

Appellant, Joseph R. Baker, was convicted of conducting or carrying on of a lottery in violation of the

Act of 1939, June 24, P. L. 872, section 601, 18 P.S. 4601. From the sentence imposed, he has taken this appeal.

On May 2, 1956, the District Attorney's office, together with the police of the City of Sharon made a raid on two different grocery stores suspected of numbers operations and arrested the alleged operators, Emerson O'Brien and Francis Palmer. In O'Brien's store certain number slips and $5.23 were found in a cigar box which were confiscated. In Palmer's store certain numbers slips, lottery tickets and money were found which were also confiscated. Both O'Brien and Palmer were charged with possessing and selling numbers and were indicted on June 5, 1956. On June 11, 1956, both O'Brien and Palmer pleaded guilty to selling and possessing numbers slips on May 2, 1956.

Both Palmer and O'Brien implicated appellant as being the "pick-up" man in the operation of said lotteries and as a result of this information, Baker was indicted for erecting, setting up, making or drawing a lottery or being concerned in the managing, conducting or carrying on the same. On June 8, 1956, appellant moved to quash the indictment on the ground that, in calling the original panel of jurors from which the grand jury was selected, the list of the names, occupations and residences of every person placed in the jury wheel was not kept and certified by the prothonotary as required by the Act of 1874, March 18, P. L. 46, section 3, 17 P.S. section 985. Upon taking of testimony, it further developed that the jury commissioners were not sworn prior to the time the jury wheel was filled. This additional objection was made at the time of hearing on the motion to quash as being in violation of the Act of 1867, April 10, P. L. 62, section 3, 17 P.S. 943. The court below immediately overruled the motion to quash, and because the jury list was

posted both in the prothonotary's office and the sheriff's office but not certified, entered an order, nunc pro tunc, to have the list certified, entered and indexed in the prothonotary's office.

On June 13, 1956, this case came to trial and the evidence of the Commonwealth consisted chiefly of the testimony of O'Brien and Palmer, who testified that on May 2, 1956, they sold numbers; that they usually turned the money in before one o'clock each day; that their "pick-up" man or carrier was Joseph Baker when the operations were first commenced; that if there had been a "hit" on May 2, 1956, appellant would have contacted them by telephone; that had the numbers and money not been confiscated, Baker would have picked up the money; and that the "pick-up" man or carrier is a necessary person in the numbers operation and, in fact, for the operations of that day, Baker would have been the "boss." They further testified that on May 2, 1956, they did not contact Baker, nor did Baker contact them, relative to any numbers operations. At the close of the Commonwealth's case, appellant demurred to the evidence, which was denied. He offered no evidence in his behalf and the jury returned a verdict of guilty. Subsequently, a motion in arrest of judgment and for a new trial was filed and refused. From a sentence of six months imprisonment in the Mercer County Jail and a fine of three hundred dollars, this appeal was taken.

Two questions are raised on this appeal: (1) Did the court below commit reversible error in ordering this case for trial when timely objections had been made to the manner of selecting and preparing the jury list, and (2) did the Commonwealth prove appellant guilty with legally competent evidence beyond a reasonable doubt?

The evidence disclosed that in December, 1955, two judges and the two jury commissioners had selected the persons to serve as jurors for 1956 and that a typed list containing the name, occupation and residence of every person was delivered by one of the jury commissioners to the prothonotary's office where it was posted on the bulletin board and remained there up to and including the hearing of the motion to quash the indictment. The list as posted contained no signed certification and was not formally filed and indexed, but the evidence disclosed that the list as posted did contain the name, occupation and residence of every person placed in the jury wheel for 1956. While the Act of 1874, supra, was not strictly complied with, in the absence of showing that the rights of the accused have been injured or deprived thereby, the failure to follow strictly the provision of the Act cannot be used to upset proceedings regular in other respects. The purpose of the procedure set forth in section 3 of the Act of 1874 is to assure the integrity of the jury list by providing an opportunity to check the list of jurors or grand jurors drawn against the original list of all those selected to serve as jurors for the entire current year. Specifically, the purpose of properly posting such list is to afford any accused the right to challenge the array if, for any valid reason, the selection itself has been improper. If the name of a person summoned as a juror does not appear on the list, the presumption is that the person was not one of those selected. However, this presumption may be rebutted. *Commonwealth v. Valsalka,* 181 Pa. 17, 37 A. 405.

Appellant concedes that there was no difference in the names, occupations or addresses of the grand jurors called and those whose names appeared on the posted list. There was no showing that the errors and omissions affected the rights of the accused; the merits

of the cause or that such resulted in prejudice to him. In *Commonwealth v. McCormick,* 71 Pa. Superior Ct. 567, in which the certificate to the list of jurors was attached to the minutes of the jury commissioners instead of to the list filed, we held that such was not grounds for quashing the array of jurors. In *Commonwealth v. Nye,* 240 Pa. 359, 87 A. 585, the Supreme Court held that the previous Act of 1834, regulating the drawing and summoning of jurors were directory in character and did not bear upon the substance of any duty. See also, *Commonwealth v. Zillafrow,* 207 Pa. 274, 56 A. 539. What has been said in regard to motions for quashing the array of jurors applies equally to motions for quashing the indictment. If the list was made out and deposited in the prothonotary's office, as here, such was a substantial compliance with the requirements of the Act of 1874, supra. *Klemmer v. Railroad,* 163 Pa. 521, 30 A. 274. And since the list was later certified, nunc pro tunc, by the proper officers and formally filed and indexed in the prothonotary's office, this technical objection has been cured. Such omission, in the absence of prejudice, may be cured at a later date.

Appellant also contends that the failure of the commissioners to take the required oath before filling the jury wheel was a violation of the Act of 1867, April 10, P. L. 62, section 3, 17 P.S. section 943. While the court below held that since this question was not raised on the original motion to quash and, therefore, the question could not be considered, we believe this objection was raised properly at the only time it could have been raised. This fact was not known until testimony was taken, and the objection was immediately raised. However, in the absence of showing any ill will, malice, or prejudice, this omission was not fatal to the proceedings. While we do not condone the prac-

tice here followed, we merely say that such an issue on a motion to quash, in the absence of prejudice or detriment to the accused, cannot be considered, particularly when the evidence disclosed that two judges were present during the filling of the wheel. Such defect is procedural and not of substance.

The second question raised relates to the sufficiency of the evidence in obtaining the conviction. The Commonwealth frankly conceded at the argument that the case against the appellant rested on the phrase "being concerned in the managing, conducting and carrying on of a lottery" contained in section 601 of the Penal Code. Appellant contends that since the Commonwealth produced no evidence to show that he did anything on May 2, 1956, implicating him with the operation of the lottery, the demurrer should have been sustained. The evidence, however, is clear that appellant was the "pick-up" man during all the operations of the witnesses O'Brien and Palmer. Although diligent efforts were made by counsel for appellant in limiting the testimony (also acting as special counsel for O'Brien and Palmer in protecting them from testifying to any matter which might incriminate them on any matters not in issue), the undenied testimony was to the effect that appellant had been the "pick-up" man in the conduct of this numbers business and that even on the day in question, had there been a "hit", appellant would have been the "boss." In the type of operations here involved, it was not necessary for conviction that appellant be apprehended in actually picking up the numbers and the money from the witnesses. The testimony of the two witnesses definitely identified appellant as the man who picked up the receipts of the illegal operation at all times. In *Commonwealth v. Paul*, 177 Pa. Superior Ct. 289, 111 A. 2d 374, we stated that "no person of common intelligence must

necessarily guess that a numbers writer is 'concerned in the management, conducting or carrying on' of a lottery." It is equally clear that a numbers writer cannot operate without a "pick-up" man who collects the numbers written and the cash received for any given day. Appellant was engaged in the managing and conducting of a lottery. The testimony was clearly for the jury and, undenied, was sufficient to convict.

Judgment of sentence affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence, or any part thereof, which has not been performed at the time the appeal in this case was made a supersedeas.