STATE of Minnesota, Respondent,

v.

Willie James EVANS, Appellant.

No. C1–83–1530.

Court of Appeals of Minnesota.

Aug. 14, 1984.

See also Minn.App., 343 N.W.2d 709.

Hubert H. Humphrey, III, State Atty. Gen., Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Minneapolis, for respondent.

William R. Kennedy, Hennepin County Public Defender, Franklin J. Knoll, Michael H. McGlennen, Gerard W. Snell, Asst. Public Defenders, Minneapolis, for appellant.

Mark Peterson, Minneapolis, for amicus curiae, Minn. Trial Lawyers Assoc.

Susan Stacy, Minneapolis, for amicus curiae, Jury Project and Minn. Criminal Justice Advocacy Committee in support of appellant.

Heard, considered, and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from the denial of defendant's motion for a new trial. Defendant Willie Evans was found guilty by a jury of third degree assault. He appeals the trial court's decision to impose a one hour limit for voir dire, and the propriety of his sentence. We reverse and remand for new trial.

## FACTS

Defendant Evans, a black man, was charged with one count of simple robbery and one count of assault in the third degree against a white female victim. The judge directed that the jury be selected by the civil method, where the entire panel must be questioned before peremptory challenges are made. At the commencement of voir dire the trial judge ordered both attorneys to complete their voir dire examinations of 21 prospective jurors in one hour. The judge examined the panel with general questions for 50 minutes. Defense counsel objected arguing that the limitation would prevent him from examining all the veniremen, and would limit his examination of each venireman. He claimed that the imposition of the fixed time limit was arbitrary and improper.

The trial judge responded that he thoroughly examined all 21 of the prospective jurors, and that "we (trial judges) have the right to take the voir dire away (from counsel) with the exception, in my view at least, except in capital cases, murder in the first degree cases."

The judge criticized defense counsel for asking questions which in his view were "ridiculous" and "have nothing to do with the ultimate question."

There was no court reporter present during voir dire, but the court's minutes reflect that the trial judge stopped defense counsel's voir dire after one hour and 55 minutes. Six prospective jurors were not questioned by defense counsel because of the time limitation.

Defendant was convicted of third degree assault, and acquitted of simple robbery. He is free on bond pending this appeal.

## ISSUE

Was defendant's constitutional or statutory right to trial by an impartial jury violated by the trial judge's imposition of a one hour limitation on voir dire?

## ANALYSIS

The Sixth Amendment guarantees a criminal defendant the right to a "speedy and public trial, by an impartial jury...." The importance of a truly impartial jury, whether the action is civil or criminal, has never really been questioned in this country. *See Mima Queen and Child v. Hepburn*, 11 U.S. (7 Cranch) 290, 3 L.Ed. 348 (1812) (Marshall, C.J.).

■ Because this right lies at the heart of our criminal justice system, courts respond with great sensitivity to allegations that personal predisposition or outside influence has impaired a juror's ability to render a dispassionate, unbiased, and objective verdict.

Defendant challenges the trial court's limitation of voir dire on constitutional and statutory grounds. We need not reach defendant's constitutional claim since we find the Minnesota Rules of Criminal Procedure are dispositive in this case. However, we note the importance the United States Supreme Court places on voir dire.

Justice Marshall, concurring in *Ham v. South Carolina*, 409 U.S. 524, 532, 93 S.Ct. 848, 853, 35 L.Ed.2d 46 (1973), said:

The right of an impartial jury carries with it the concomitant right to take *reasonable* steps designed to insure that the jury is impartial.... [T]he most important of these is the jury challenge.... Of course, the right to challenge has little meaning if it is unaccompanied by the right to ask relevant questions on voir dire upon which the challenge for cause can be predicated.

(Emphasis added).

Justice White in *Swain v. Alabama*, 380 U.S. 202, 218–19, 85 S.Ct. 824, 834–35, 13 L.Ed.2d 759 (1965), said:

The voir dire in American trials tends to be extensive and probing, operating as a predicate for the exercise of peremptories, and the process of selecting a jury protracted....

.    .    .    .    .

A denial or impairment of the right to challenge is reversible error without a showing of prejudice.

Relying on *Swain*, the Eighth Circuit Court in *United States v. Bear Runner*, 502 F.2d 908, 911 (8th Cir.1974), said:

Unquestionably one of the most effective means of insuring impartiality is the voir dire proceeding during which questioning will expose any latent bias entertained by prospective jurors. Such questioning is necessary if the party is expected to exercise its challenge in an intelligent and informed manner.

Additionally, the court in *Bear Runner* recognized the ineffectiveness of general questioning by the court directed at the panel as a whole. The court said, "The effect was more like a monologue by the court than a probing examination of the jurors." *Id.* at 912.

■ Therefore, it was improper for the trial court to conclude that defense counsel had ample opportunity to examine the panel because, in addition to the hour allowed, defense counsel had the opportunity to listen to the responses elicited from the judge's general questions put to the entire panel for 50 minutes.

■ It is well established in Minnesota that counsel has the "right to elicit sufficient information to enable him to determine the advisability of interposing a peremptory challenge." *Heydman v. Red Wing Brick Co.*, 112 Minn. 158, 163, 127 N.W. 561, 562 (1910).

■ Attorneys do not have the right to examine prospective jurors as to their understanding of the law to be applied to the case. It is the duty of each juror to follow the instructions of the court, and hence their knowledge or ignorance concerning questions of law is not a proper subject for voir dire. *State v. Bauer*, 189 Minn. 280, 249 N.W. 40 (1933).

However, they do have the right to go beyond inquiry on the ultimate issue in the case and ask questions "to ascertain the mental competency of the jurors," *Bauer,* 189 Minn. at 281, 249 N.W. 40.

The Minnesota Rules of Criminal Procedure codified the holdings of these cases and the United States Supreme Court cases in Rule 26.02, subd. 4(3)(a)(3), Minn.R. Crim.P. This statute governing voir dire examination and challenge provides:

> Prospective jurors *shall* be examined as to their qualifications, first by the court, and *then by the parties,* commencing with the defense.

(Emphasis added).

This means that each prospective juror must be examined. There is no legal authority for the trial judge's comment that he has the right to take away voir dire except in first degree murder cases. Likewise, the trial court was in error in criticizing counsel for asking questions beyond those pertaining to the ultimate issue in the case.

Although the trial court has broad discretion to determine the scope of voir dire, it cannot unreasonably and arbitrarily impose limitations without regard to the time and information reasonably necessary to accomplish the purposes of voir dire. Limitations in terms of time or content must be reasonable in light of the total circumstances of the case.

Additionally, as soon as it appears there is a question about the validity of a limitation of voir dire the matter should be recorded to preserve the record.

Here, the one hour and 55 minutes actually allowed was arbitrary in light of the civil method where all 21 veniremen had to be examined before challenges could be made. This limitation was imposed with no regard for the time reasonably necessary to allow the defense attorney to examine all of the veniremen and therefore constitutes reversible error.

## DECISION

We reverse and remand for a new trial on the assault charge only. Appellant's appeal on the propriety of his sentence is mooted by the remand for trial.