**STATE of Minnesota, Respondent,**

v.

**Frank STROTHER, Appellant.**

**No. CO–84–346.**

Court of Appeals of Minnesota.

Sept. 25, 1984.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Asst. Hennepin County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Heidi Crissey, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY, and WOZNIAK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Frank Strother was convicted by a jury of aiding, advising or conspiring to commit a simple robbery in violation of Minn.Stat. §§ 609.24 and 609.05 (1982). He contends the evidence was legally insufficient to sustain his conviction because it fails to show he intentionally aided in the robbery. We disagree and affirm.

## FACTS

On the night of February 21, 1983, the Minneapolis Police Department established a street crime decoy unit near Hennepin Avenue in downtown Minneapolis. Officer William James acted as the decoy, pretending to be drunk. He carried eleven one dollar bills which Sergeant David Niebur had marked with his initials "DRN". A cover team consisting of Officers Bruce Johnson and Cozell Harris sat in a van across the street from James; Niebur watched from the second level of a parking ramp across the street.

Appellant and Walter Williams walked past James, who was leaning against the side of a building. Williams asked if James was okay. After proceeding a few feet further and conferring, Williams and appellant approached James. Appellant waited a few feet in front of the other two men looking up and down the street. Williams took a billfold from James' right rear pants pocket. Appellant and Williams quickly walked away. About 20 feet from the entrance to a bar, Williams dropped the billfold on the sidewalk. The two were followed into the bar and arrested by Officers Johnson and Harris. Sergeant Niebur arrived with other uniformed officers. Officer Michael Schoeben searched appellant and found five of the marked one dollar bills.

At trial, Schoeben admitted his report made no mention of finding the money and that he overlooked $70 which was later discovered in a subsequent search of appellant at the police department. Other officers who testified at trial included Officers Johnson, Harris, and James and Sergeants Douglas, Smith and Niebur. Appellant did not testify. His version was presented by examination of Sergeant Smith, who had interviewed appellant. According to Smith, appellant denied any prior knowledge of the robbery, saw Williams drop the billfold, but denied being given any money by Williams.

## ISSUE

Was the evidence sufficient to justify appellant's conviction for aiding, advising or conspiring to commit simple robbery?

## ANALYSIS

We recently said in another case involving a decoy operation:

In reviewing a claim of insufficiency of the evidence, we are limited to ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a jury can reasonably conclude that the defendant was guilty of the offense charged.

*State v. Armstrong*, 352 N.W.2d 479 (Minn.Ct.App.1984) (quoting *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978)).

■ Viewing the record most favorably to the State, we conclude a jury could reasonably find appellant guilty. Slight discrepancies in the officers' accounts of the incident are not necessarily indicative of false testimony or fabrication.

■ Appellant cites some inconsistencies between Sergeant Niebur's testimony at the omnibus hearing and at trial. The prior testimony was available and used for impeachment. Defense counsel's failure to use more of this prior testimony, however, clearly involves a decision on trial tactics.

Appellant primarily contends the evidence of his intent was insufficient.

[P]resence, companionship and conduct before and after the offense are circumstances from which a person's participa-

tion in the criminal intent may be inferred.

*State v. Ulvinen*, 313 N.W.2d 425, 428 (Minn.1981); *see In the Matter of the Welfare of D.M.K.*, 343 N.W.2d 863, 867 (Minn. Ct.App.1984).

> Where the accused played at least some knowing role in the commission of the crime and takes no steps to thwart its completion, the jury may properly infer the requisite mens rea for a conviction in aiding and abetting.

*State v. Strimling*, 265 N.W.2d 423, 429 (Minn.1978).

The jury could infer appellant intended to aid in the commission of the robbery. He was seen walking with Williams before the robbery. The two saw Officer James, walked past him, talked between themselves, and then walked back to him. While Williams robbed James, appellant stood in front looking up and down the street. Appellant then walked down the street with Williams and went into a bar with Williams. Five marked bills were found on his person. These facts are sufficient to support appellant's conviction.

## DECISION

The record supports appellant's conviction for aiding, advising or conspiring to commit a simple robbery.

Affirmed.