**STATE of Minnesota, Respondent,**

v.

**Michael Earl BACKUS, Appellant.**

**No. C8–84–806.**

Court of Appeals of Minnesota.

Nov. 13, 1984.

Hubert H. Humphrey, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. De-Coster, Asst. Co. Atty., St. Paul, for respondent.

Jerrold M. Hartke, South St. Paul, for appellant.

Heard, considered and decided by POPO-VICH, C.J., and SEDGWICK and LESLIE, JJ.

## OPINION

SEDGWICK, Judge.

Appellant Michael Backus was convicted by a jury of two counts of assault in the fourth degree, Minn. Stat. § 609.2231 (Supp.1983), for assaulting a police officer who was trying to disperse a party. We affirm.

## FACTS

Responding to complaints, St. Paul police officer Nancy DiPerna went to a duplex where 50 to 100 people were partying at 3:15 in the morning. Several other officers also arrived at the scene. While attempting to break up the party, Officer DiPerna

was struck in the face, resulting in a cut lip, bloody nose and bruised cheek.

Officer DiPerna testified that when she entered the house, she saw appellant sitting at the kitchen table. While she did not actually see appellant strike her, she said a white male about her height held her and struck her with his fist. She said appellant was not sitting at the table during the attack. Two other officers testified that they entered the house in time to see appellant striking Officer DiPerna's head, arms, and hands, but they did not see him hit her face.

Appellant testified: that he did not strike DiPerna; that he was in the kitchen when the police came; that someone else hit Officer DiPerna in the face a couple of times; and that he rushed toward the officer to prevent the other person from hitting Officer DiPerna. Both the owner of the house and her son testified that another person, not appellant, hit DiPerna in the face.

## ISSUES

1. Did the trial court err in defining demonstrable bodily harm as bodily harm capable of being perceived by a person other than the victim?

2. Did the trial court commit reversible error in precluding defense counsel on voir dire from asking potential jurors if they would want themselves on the jury if they were the defendant?

3. Was the evidence sufficient to sustain appellant's conviction of assault in the fourth degree?

## ANALYSIS

### I.

Appellant contends the trial court erred in defining "demonstrable" bodily harm as bodily harm capable of being perceived by a person other than the victim.

Minn.Stat. § 609.2231 (Supp.1983), assault in the fourth degree, is a new criminal violation for assaulting a peace officer. It provides:

Whoever assaults a peace officer when that officer is effecting a lawful arrest or executing any other duty imposed upon him by law and inflicts demonstrable bodily harm is guilty of a felony and may be sentenced to imprisonment for not more than one year and a day or to payment of a fine of not more than $1,000, or both.

Assault in the fourth degree requires a quantum of proof of harm between "bodily harm" (assault in the fifth degree) and "substantial bodily harm" (assault in the third degree). CRIMJIG § 13.21, n. 3, suggests it is not necessary to define "demonstrable" as it is a word of common usage. Words of common usage need not be defined by the court. *State v. Heinzer,* 347 N.W.2d 535 (Minn.Ct.App. 1984). However, the trial court determined a dictionary definition of "demonstrable" would assist the jury. "[I]t is desirable for the court to explain the elements of the offenses rather than simply reading statutes." *State v. Crace,* 289 N.W.2d 54, 59 (Minn.1979).

The definition given by the trial court adequately defined "demonstrable" as capable of being perceived by a person other than the victim. While we believe "demonstrable" is a word of common usage, there is no error in the court defining it as it did.

### II.

Appellant claims the trial court erred by precluding defense counsel on voir dire from asking potential jurors "if you were the defendant, would you want yourself on the jury." The trial court ruled that it was improper because it could not reasonably discover information an attorney would need to challenge for cause or to exercise a peremptory challenge, and because it identifies the juror with one side.

The trial court has broad discretion in determining the scope of voir dire. *State v. Evans,* 352 N.W.2d 824 (Minn.Ct. App.1984). *See United States v. Givens,* 712 F.2d 1298 (8th Cir.1983) *cert. den'd,*

—— U.S. ——, 104 S.Ct. 1005, 79 L.Ed.2d 237 (1984). The trial court properly excluded this question as improperly requiring the juror to identify with one side.

### III.

■ Appellants claim that the evidence was insufficient to support the verdict is without merit. Testimony of the officers is sufficient to sustain his conviction. Slight discrepancies in the officers' accounts of events which took place within a matter of seconds involving a fast and confusing scene is not necessarily an indication the officers' testimony has been fabricated. *State v. Strother*, 354 N.W.2d 875 (Minn.Ct.App.1984). *See State v. Hill*, 312 Minn. 514, 253 N.W.2d 378 (1977). Credibility of the testimony is a matter for the jury.

### DECISION

■ The trial court did not err in defining "demonstrable" bodily harm as bodily harm capable of being perceived by a person other than the victim or precluding defense counsel from asking potential jurors whether they would want themselves on the jury if they were the defendant. Evidence was sufficient to sustain appellant's conviction of fourth degree assault.

Affirmed.