**STATE of Minnesota, Respondent,**

v.

**Tami Lea PETERSEN, Appellant.**

**No. C2–84–2017.**

Court of Appeals of Minnesota.

May 28, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, George O. Ludcke, III, Golden Valley City Atty., Tammy L. Pust, Kay E. Pashos, Minneapolis, for respondent.

James H. Leviton, Minneapolis, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

WOZNIAK, Judge.

Appellant Tami Petersen was convicted by a jury of D.W.I., Minn.Stat. § 169.121, subd. 1(a) (1984). On appeal, she contends the trial court committed reversible error in employing a jury selection method which deviated from the Rules of Criminal Procedure, and unreasonably restricted voir dire

by limiting counsel to five minutes examination of prospective jurors. We reverse and remand for new trial.

## FACTS

Appellant's misdemeanor trial for D.W.I. began on November 6, 1984. After impaneling fourteen prospective jurors, the trial court conducted a voir dire of the panel. The trial court directed the parties to examine one prospective juror at a time, and, after three jurors were examined, any challenges for cause and any peremptory challenges were to be made. A prospective juror not stricken became a member of the jury.

After one hour of examination by counsel, only three prospective jurors had been examined. The trial court then admonished both counsel to limit their examination of remaining prospective jurors to five minutes each. This continued for about two hours, and five of the six jurors were selected. The next day, the sixth juror was selected. Defense counsel's mistrial motions were eventually denied. Appellant was convicted.

## ISSUE

Did the trial court unreasonably restrict voir dire?

## ANALYSIS

Minnesota Rules of Criminal Procedure provide three methods for drawing, examining and challenging jurors. Under the uniform rules, Minn.R.Crim.P. 26.02, subd. 4(3)(a), all prospective jurors are impaneled at the same time. The prospective jurors are examined by the court, then by the parties, beginning with the defendant. Challenges for cause may be made at any time by any party. At the close of voir dire, any additional challenges for cause are made and then the peremptory challenges are exercised by the parties. When the peremptory challenges have been exercised, the jury is selected from the remaining prospective jurors in the order in which they were called until the number selected equals the number of which the jury is composed, plus alternates, if any.

Under the first alternative contained in Minn.R.Crim.P. 26.02, subd. 4(3)(b), the prospective jurors are examined, first by the court, then by the parties. The primary difference under this method is that the defense makes its challenges for cause or peremptory challenges upon completion of its examination of each prospective juror. The prosecution similarly makes its challenges for cause and peremptory challenges after its examination of each prospective juror.

The third procedure contained in Minn.R.Crim.P. 26.02, subd. 4(3)(c) provides that prospective jurors are drawn one at a time. Challenges for cause and peremptory challenges are made by the defense and the prosecution after examination of each prospective juror. This is the preferred method for cases involving first degree murder.

The jury selection used here was a combination of the uniform rule and the first alternative. Appellant initially argues that the deviation from the rules is per se error requiring a new trial.

Absent a showing of prejudice, minor deviations from jury procedure rules are not reversible error. *State v. Cobb,* 22 Wash.App. 221, 589 P.2d 297 (1978); *People v. Scahill,* 250 Cal.App.2d 108, 58 Cal. Rptr. 463 (1967); *Commonwealth v. Baker,* 185 Pa.Supp. 515, 138 A.2d 177 (1958); *Conner v. State,* 54 Ariz. 68, 92 P.2d 524 (1939). *See generally State v. Stewart,* 276 N.W.2d 51, 55 (Minn.1979) (trial court's inappropriate remarks had no adverse effect on prospective jurors and did not infringe upon defendant's right to a fair trial by an impartial jury).

The method used by the trial court involved a minor deviation from the rules. The exercise of challenges in groups of three rather than at the end of voir dire or after each juror was questioned did not prejudice appellant. The trial court's stated purpose in doing so was that it wouldn't

be "as obvious as to who was striking the juror."

However, the trial court unreasonably restricted voir dire by limiting counsel to five minutes.

In ruling that a trial court violated defendant's right to an impartial jury by imposing a one-hour time limit on the total voir dire, this court stated:

> Although the trial court has broad discretion to determine the scope of voir dire, it cannot unreasonably and arbitrarily impose limitations without regard to the time and information reasonably necessary to accomplish the purposes of voir dire. Limitations in terms of time or content must be reasonable in light of the total circumstances of the case.

*State v. Evans,* 352 N.W.2d 824, 827 (Minn. Ct.App.1984).

Here, the trial court imposed a modified jury selection method which we do not find prejudicial error, but coupled it with a restrictive time limitation not related to whether the examination was for a proper purpose. The trial court compounded the problem by repeatedly reminding defense counsel (and, at least on one occasion, the prosecutor) when one minute remained. In light of all the circumstances of the case, the time restriction was unreasonable and was reversible error. *Id.*

We note that our review was hampered by the lack of an adequate record. "[A]s soon as it appears there is a question about the validity of a limitation of voir dire the matter should be recorded to preserve the record." *Id.* The record provided by appellant was deficient in that it did not contain the actual voir dire of the parties, but consisted of post voir dire conferences and statements of the parties and the trial court on the record.

## DECISION

The trial court did not prejudicially err in employing a modified jury selection method, but it unreasonably restricted voir dire by limiting counsel to five minutes examination of each juror.

Reversed and remanded for new trial.