*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0883**

State of Minnesota,
Respondent,

vs.

Elvis Joko Porte,
Appellant.

**Filed March 30, 2015
Affirmed
Smith, Judge**

Olmsted County District Court
File No. 55-CR-11-1427

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rochelle R. Winn, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Rodenberg, Presiding Judge; Chutich, Judge; and

Smith, Judge.

**UNPUBLISHED OPINION**

**SMITH**, Judge

We affirm appellant's controlled-substance-sale convictions because any error in admitting testimony regarding appellant's exchange of drugs for a vehicle was not plain. The district court also did not impermissibly impose a time limit on appellant's voir dire.

**FACTS**

In February 2011, S.A. lent her vehicle to her boyfriend, A.R. Without her knowledge, A.R. sold the vehicle to appellant Elvis Joko Porte in exchange for money and crack cocaine.

After S.A. reported the vehicle missing, a police officer located it and conducted a traffic stop. Seated in the driver's seat, Porte identified himself to the police officer. The officer asked Porte to step out of the vehicle, and Porte complied. The officer then arrested Porte and placed him in the back seat of the squad car. After arresting Porte, the officer removed a passenger from the vehicle and assisted other officers in a search of the vehicle. The officers found a bag containing crack cocaine between the front seats of the vehicle. They also found a bag of marijuana and another bag of crack cocaine in the center console storage compartment. The state charged Porte with one count of first-degree controlled-substance crime, one count of second-degree controlled-substance crime, one count of aiding and abetting a first-degree controlled-substance crime, one count of aiding and abetting a second-degree controlled-substance crime, one count of fifth-degree controlled-substance crime, and two traffic offenses.

During a jury trial, A.R. testified that he had sold S.A.'s vehicle to Porte for money and crack cocaine. Porte did not object to this testimony. Porte testified that he purchased the van for cash and the promise of future cash payments and that the transaction did not involve any drugs. He disclaimed all knowledge of drugs in the vehicle. During closing arguments, Porte's attorney highlighted the admission of Porte's passenger that the bag of cocaine found between the front seats was his, not Porte's. He argued that the other drugs found in the vehicle were also the passenger's, not Porte's. He also argued that A.R. was confused and under the influence of cocaine when he sold the vehicle to Porte.

After the jury found him guilty on all charges except fifth-degree controlled substance, Porte appealed. This court reversed, holding that the district court had given an erroneous jury instruction, and we remanded for a new trial. *See State v. Porte*, 832 N.W.2d 303, 311-12, 314 (Minn. App. 2013).

During Porte's retrial, the district court interrupted Porte's attorney during voir dire, opining that "an hour is sufficient for voir dire," and informing him that he had five minutes to complete his questioning of prospective jurors. After the conclusion of voir dire, Porte's counsel protested the limitation that the district court had imposed on voir dire. The district court replied that it did not "believe in timing" and that it "wasn't the Court's intention" to impose any time limit. It noted that Porte's attorney "had sufficient opportunity to do what he needed to do" and that Porte's attorney had accepted the jury panel at the end of voir dire.

A.R. again testified that he sold S.A.'s vehicle to Porte for money and crack cocaine, and Porte again did not object. Porte waived his right to testify. During his closing argument, Porte's attorney again argued that the drugs found in the vehicle belonged to Porte's passenger, not Porte. But Porte's attorney did not refer to A.R.'s testimony. The jury found Porte guilty of first-degree sale of a controlled substance, second-degree possession of a controlled substance, aiding and abetting a first-degree controlled-substance sale, aiding and abetting second-degree controlled-substance possession, and fifth-degree controlled-substance possession.

## DECISION

Porte argues that A.R.'s testimony regarding his sale of the vehicle to Porte for money and drugs was inadmissible evidence of other bad acts, requiring reversal of his convictions. Since Porte did not object to the testimony during his trial, we review only for plain error, determining (1) if there was error; (2) if any error was plain; and (3) if the purported error affected the appellant's substantial rights. *State v. Beaulieu*, 859 N.W.2d 275, 278-79 (Minn. 2015). In contrast with claims of prosecutorial misconduct, an appellant bears the burden to show all three elements of an evidentiary plain-error claim. *Compare id.* (stating that plain-error review "requires a defendant to establish" its three conditions), *with State v. Ramey*, 721 N.W.2d 294, 302 (Minn. 2006) (shifting the burden on the third condition in cases involving allegations of prosecutorial misconduct). If these three conditions are met, we undertake a fourth inquiry as to whether we will exercise our discretion to redress the error, doing so only if necessary to protect "the fairness, integrity, or public reputation of judicial proceedings." *State v. Griller*, 583

N.W.2d 736, 742 (Minn. 1998) (quotation omitted). We examine each of these inquiries in turn.

## I.

Porte contends that A.R.'s testimony that Porte gave him money and drugs in exchange for S.A.'s vehicle was inadmissible other-crimes evidence under *State v. Spreigl*, 139 N.W.2d 167, 173 (Minn. 1965). The state replies that *Spreigl* does not apply, because the testimony was not elicited to show Porte's character, but rather it was *res gestae* evidence. The *res gestae* exception to the general prohibition on other-bad-acts evidence allows the state to offer evidence of crimes other than the ones charged "where two or more offenses are linked together in point of time or circumstance so that one cannot be fully shown without proving the other." *State v. Wofford*, 262 Minn. 112, 118, 114 N.W.2d 267, 271 (1962). To be admissible, such evidence "must show a causal relation or connection between the two acts so that they may reasonably be said to be part of one transaction." *Id.* at 118, 114 N.W.2d at 271-72.

It is difficult to determine whether the evidence Porte challenges qualifies as *res gestae* evidence. On the record's face, it does not appear that Porte's purchase of the vehicle was an element of any of the charged offenses, such that proving any charge required explanation of how Porte came to acquire the vehicle. It also does not appear that Porte's acquisition of the vehicle was part of the same transaction as his possession or sale of the drugs found within it. Relying on language from *State v. Hollins*, however, the state argues that *res gestae* evidence need not involve the same transaction as the charged offense, but could also involve the same "series of transactions." *See* 765

5

N.W.2d 125, 132 (Minn. App. 2009). This language seems to significantly loosen the same-transaction requirement that the supreme court defined in *Wofford*.

We need not resolve this question, however, because any error was not plain. "An error is plain if it is clear or obvious under current law," *id.* at 133, such as when it is contrary to established caselaw, a rule, or a standard of conduct, *Ramey*, 721 N.W.2d at 302. And although it is unclear whether the testimony that Porte challenges qualifies as *res gestae* evidence, it cannot be said that it clearly or obviously does *not* qualify. Where there is "any doubt" about whether a district court's action is erroneous, it "cuts against" the determination that any error was plain. *State v. Crowsbreast*, 629 N.W.2d 433, 438 (Minn. 2001). Porte also identifies no caselaw, rule, or statute specifically prohibiting elicitation of such testimony under a *res gestae* theory such that the district court would be on notice of its duty to intervene in the absence of an objection. *See United States v. Frady*, 456 U.S. 152, 163, 102 S. Ct. 1584, 1592 (1982) (noting that the purpose of plain-error review is to provide recourse only for an error "so 'plain' the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it").

Porte's failure to put the district court on notice of any duty to intervene is particularly significant because Porte was on notice that the testimony would be elicited because it had been elicited in his first trial, yet he failed to object a second time. His failure to object cannot be explained by surprise or failure to appreciate the significance of the testimony. To grant reversal based on an appellate challenge to such evidence would risk incentivizing strategic choices to avoid objections, allowing defendants to

6

"game the system" by artificially creating an appealable issue as an insurance policy against an unfavorable trial outcome. *Cf. Puckett v. United States*, 556 U.S. 129, 140, 129 S. Ct. 1423, 1431-32 (2009) (citing this possibility as important policy consideration underlying the limits on plain-error review). We therefore conclude that any error in the admission of A.R.'s testimony regarding Porte's purchase of the vehicle was not plain and that Porte is not entitled to relief on this ground.

## II.

Porte also argues that the district court improperly limited his attorney's voir dire by imposing a time limit. When a district court imposes a time limit "not related to whether the examination was for a proper purpose," it commits reversible error. *State v. Petersen*, 368 N.W.2d 320, 322 (Minn. App. 1985). Thus, although the district court "has broad discretion to determine the *scope* of voir dire," it may not impose a time limit "with no regard for the time reasonably necessary to allow the defense attorney to examine all the veniremen." *State v. Evans*, 352 N.W.2d 824, 827 (Minn. App. 1984) (emphasis added).

Although the district court did mention its expectation that voir dire should not exceed an hour, it did not impose an impermissible time limit. Rather, it considered the nature of the charges, the use of juror questionnaires, and the district court's own questioning before concluding that Porte's attorney had "sufficient opportunity to do what he needed to do." Although the district court's reference to a specific amount of time was inartful and risked provoking misunderstanding, our review of the record convinces us that any limit on voir dire was focused on its scope, and it did not involve

an arbitrary time limit. Porte does not identify any matters that he was unable to question the potential jurors about because of the purported time limit. We therefore hold that the district court did not impermissibly limit Porte's voir dire of potential jurors.

## III.

Porte also raises several additional allegations in a pro se supplemental brief. He cites no facts or authorities to support these additional arguments, so the arguments are waived. *See State v. Wembley*, 712 N.W.2d 783, 795 (Minn. App. 2006) (applying the rule that arguments that are based on "mere assertion" are waived unless prejudicial error is obvious on mere inspection), *aff'd*, 728 N.W.2d 243 (Minn. 2007). After carefully reviewing the record, we decline to address these arguments further.

**Affirmed.**