■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v OWEN LEVY, Respondent. [598 NYS2d 231] —Order, Supreme Court, New York County (Jerome Hornblass, J.), entered August 7, 1991, granting defendant's motion pursuant to CPL 330.30 to set aside his conviction for criminal possession of a weapon in the third degree (Penal Law § 265.02) and criminal possession of marihuana in the first degree (Penal Law § 221.30), reversed, on the law, the motion denied, the jury verdict reinstated, and the matter remanded for further proceedings consistent with this memorandum decision.

The facts are fairly set forth in Justice Rubin's dissenting opinion. The court erred in granting defendant's CPL 330.30 motion since deviation from the statutory order of juror selection (CPL 270.15 [2]) is not per se reversible error without a showing of prejudice *(People v West,* 38 AD2d 548, *affd* 32 NY2d 944, *overruled in part on other grounds People v Harris,* 57 NY2d 335, 350, *cert denied* 460 US 1047; *People v Williams,* 20 AD2d 622, *affd* 14 NY2d 948). Having correctly determined that this case is "factually distinguishable" from cases in which the substantial rights of a defendant were implicated by the violation of CPL 270.15 (2), the court should have concluded that its own harmless error did not provide grounds for setting aside the guilty verdict in view of the overwhelming evidence of defendant's guilt (CPL 330.30 [1]).

Relying on *People v McQuade* (110 NY 284) and its progeny, defendant persuaded the court that CPL 270.15 (2) stood as an absolute bar to the peremptory challenge at issue here. In

*McQuade (supra),* the Court of Appeals explained that the order in which peremptory challenges are exercised implicates a defendant's substantial rights in the following ways: (1) it relieves the defendant from wasting his challenges on prospective jurors who are also unacceptable to the prosecution; (2) it secures the presence on the jury of persons for whom the defendant has a preference and who are not challenged by the prosecutor in the first instance; (3) it precludes the prosecution from excluding prospective jurors merely because the defendant has manifested acceptance of them. Since the prosecutor was permitted here to exercise a belated peremptory challenge on the basis of newly discovered evidence that a prospective juror was potentially biased and defendant was afforded an opportunity de novo to exercise all of his peremptory challenges, the forms of prejudice identified by the *McQuade* Court were entirely obviated in this case.

The court in this case permitted the People to exercise a belated peremptory challenge in order to rectify its conceded error in failing to elicit, before any challenges were taken, information pertaining to a juror's ability to render an impartial verdict. Upon further inquiry of the juror, it came to light that the juror harbored resentment against the police officers who were involved in his false arrest. The court concluded that fundamental fairness required that the People be permitted to exercise a peremptory challenge which they would have been entitled to exercise were it not for the court's error.

Despite the particular circumstances giving rise to the prosecutor's belated challenge, our dissenting colleague asserts that defendant was prejudiced because the prosecutor might have challenged the juror merely because defendant had found him acceptable. This position is purely speculative and might be applied to any juror selected. It is obvious that the prosecutor's challenge was made in good faith, based solely on the prospective juror's disclosure that he resented the officers who falsely arrested him. Indeed, the prosecutor exercised the peremptory challenge in lieu of her well-founded, though unsuccessful, challenge to that juror for cause.

In any case, to prevent the People from gaining any tactical advantage as a result of the belated peremptory challenge, the court permitted defendant to exercise his peremptory challenges anew while requiring the People to adhere to their original challenges. With the exception of the single belated challenge, the People could not anticipate defendant's challenges in making their own. Defendant, on the other hand, had an opportunity to reconsider all of his peremptory chal-

lenges in light of the prosecutor's final peremptory challenge. Essentially, the parties were placed in the same position they would have been in had the information regarding the biased juror been available before any challenges were exercised.

By returning the parties to status quo ante, the court insured that both parties would be fairly treated in spite of its oversight, absent which the prospective juror would certainly have been excused. Nevertheless, defendant claims he was prejudiced by the excusal of that juror because he was a young black male who was not likely to be racially prejudiced against him. Defendant's preference for securing the presence of an additional member of his own race on the jury is not a legally cognizable interest *(see, People v Kern,* 75 NY2d 638).

In conclusion, we emphasize that our reversal in no way signifies our approval of the procedure employed by the court, which violated CPL 270.15 (2). Indeed, we agree with our dissenting colleague that the court should have convened a new panel after the prospective juror was interviewed rather than permitting the belated peremptory challenge. However, once this error occurred and defendant was convicted by a jury selected under circumstances in which it cannot be concluded that defendant was prejudiced, it was incumbent upon the court to deny defendant's motion to set aside the verdict. The court reluctantly relinquished this duty only because it believed that the peremptory challenge at issue constituted per se error.

We disagree. On the face of this record, defendant has not demonstrated how the court's actions were inherently prejudicial to his substantial rights. Accordingly, we reverse. Concur —Sullivan, J. P., Wallach, Kupferman and Kassal, JJ.

Rubin, J., dissents in a memorandum as follows: At issue on this appeal is whether the Supreme Court erred in granting defendant's motion pursuant to CPL 330.30 to set aside his conviction for criminal possession of a weapon in the third degree and criminal possession of marijuana in the first degree on the ground that the court improperly permitted the People to exercise a peremptory challenge against a prospective juror after defendant had exercised his peremptory challenges.

On the night of October 6, 1990, defendant was arrested and charged in connection with the possession of a nine-millimeter pistol and in excess of 10 pounds of marijuana, discovered in his apartment. During the voir dire, the court asked the prospective jurors if any family members had been convicted or accused of a crime. One prospective juror (juror number 10)

indicated that he wanted to respond to the question in private and was told that his request could be accommodated when questioning of the rest of the panel had been completed. This promise was apparently forgotten, however, and upon completion of the voir dire, the court inquired as to challenges. Neither side challenged any prospective juror for cause, the People exercising two peremptory challenges and defendant six.

Before any juror was either sworn or excused, the court remembered its promise to prospective juror number 10, who had not been the subject of a challenge by either party. Over defendant's strenuous objection, the juror was conducted into the robing room, where he explained that his cousin had been convicted of manslaughter and that he himself had been arrested for felony assault but the charges were ultimately dropped. Asked if he had "any feelings" as a result, the juror replied "I guess I would—in terms of the police I might be a little biased in a negative sense. I don't have a lot of faith to put it that way, but the justice system, I have no problem." The juror professed the capacity to put his own experience aside and to follow the court's instruction to regard the police officers involved in this case as individuals, without associating them with the officers involved in his arrest.

The People challenged the juror for cause, which the court denied. The prosecutor then sought to employ a peremptory challenge against him. Defendant objected to this procedure, citing CPL 270.15 (2) which prohibits the People from exercising a peremptory challenge after a defendant has done so. The prosecutor responded that no prejudice would result because the juror had not yet been sworn. She also suggested that, if the challenge were allowed, any possible prejudice could be obviated by granting defendant the right to exercise all his peremptory challenges anew.

The court decided it would be "patently unfair" to prevent either party from exercising a peremptory challenge against this juror in view of his disclosure, particularly since the court had forgotten its promise to speak with the juror in camera. Reasoning that the exercise of challenges had not been completed (with respect to the thirteenth and fourteenth prospective jurors in the box), no juror had been sworn and neither party had been asked if the jurors were satisfactory, the court permitted the prosecutor to employ a peremptory challenge. The court then offered defendant the opportunity to "make all his peremptory challenges again from the beginning." Defendant declined the offer, requesting instead a mistrial and the

convening of a new panel of prospective jurors. Defendant's requests were denied.

After trial, defendant moved pursuant to CPL 330.30 to set aside the verdict. He contended that the prosecutor's peremptory challenge was improper under CPL 270.15 (2), which bars an untimely challenge under any circumstances, and renewed his claim of prejudice. In response, the prosecutor argued that the People had gained no advantage by exercising the peremptory challenge because the court had simply corrected an oversight by interviewing the prospective juror in camera and had afforded defendant the opportunity to exercise all his peremptory challenges anew. As to the issue of prejudice, she emphasized that the People had not been accused of improperly challenging the juror on the basis of race. In any event, she contended that the court should have granted the challenge for cause, suggesting that the issue could be resolved by redenominating the challenge as one for cause pursuant to CPL 270.15 (4).

In a written decision, Supreme Court granted defendant's motion. Although the court found the case to be "factually distinguishable" from cases in which the Court of Appeals discussed the necessity for strict construction, it concluded that CPL 270.15 must be strictly interpreted and that it therefore lacked discretion to permit the disputed peremptory challenge. The decision notes, in passing, that the juror "ought to have been discharged for cause," but does not otherwise mention the People's application that the challenge be redenominated.

CPL 270.15 (2) provides that "[t]he people must exercise their peremptory challenges first and may not, after the defendant has exercised his peremptory challenges, make such a challenge to any remaining prospective juror who is then in the jury box." The only procedure authorized by this statute for subsequently challenging a prospective juror is provided by CPL 270.15 (4), which is limited to a challenge for cause (*People v Harris,* 57 NY2d 335, 349-350, *cert denied* 460 US 1047). Applying the same reasoning as *Harris, expressio unius est exclusio alterius,* it must be presumed that the Legislature intended to preclude any other means for challenging a prospective juror once the defendant has exercised his peremptory challenges with respect to prospective jurors "then in the jury box" who "must be immediately sworn as trial jurors" (CPL 270.15 [2]). This provision is strictly construed, and the cases do not suggest that it might be subject to

a good cause exception *(see, e.g., People v De Conto,* 172 AD2d 684, *affd* 80 NY2d 943; *People v Walker,* 168 AD2d 470).

Contrary to the People's contention, defendant did sustain prejudice as a result of the peremptory challenge with respect to prospective juror number 10. While the order in which challenges should be exercised might seem to be a merely technical matter, it has been consistently viewed as a "right" intended to confer a benefit on the defendant. The advantage is that a juror viewed as unacceptable by a defendant might very well be excused by the People, who are required to use their peremptory challenges first, therefore preserving the defendant's peremptory challenges for future use. Moreover, were the prosecution permitted to issue challenges after the defendant, the prosecutor might very well challenge those jurors found acceptable by the defendant for that reason alone. This is precisely the situation presented by this case, and the People are not permitted such an advantage *(People v McQuade,* 110 NY 284, 294-295). The People failed to demonstrate that the prospective juror was unsuitable and, based upon the record on appeal, Supreme Court properly noted that he "acquitted himself well", concluding that he qualified as "a responsible juror" *(People v Harris, supra,* at 350-351).

Strict interpretation of CPL 270.15 is required, in part, to avoid the very calculation and speculation in which the People have engaged in arguing that setting aside the conviction is unwarranted because the spirit of the statute was not violated. The proper course is to dismiss the panel and recommence jury selection. That Supreme Court offered defendant the opportunity to make all his peremptory challenges anew is immaterial. Defendant was not obliged to accept this offer and the irregular procedures employed simply to expedite jury selection. Had the court adopted defendant's suggestion to convene a new panel, little time would have been lost.

The setting aside of the conviction by the trial court was entirely proper in order to remedy the error resulting from the People's belated preemptory challenge and, accordingly, the order of the Supreme Court should be affirmed.