1998 ND 52

**CITY OF DICKINSON, Plaintiff and Appellee,**

v.

**Cody Charles LINDSTROM, Defendant and Appellant.**

**Criminal No. 970168.**

Supreme Court of North Dakota.

March 5, 1998.

Thomas K. Schoppert (argued), of Schoppert Law Firm, Minot, for defendant and appellant.

James Allen Hope (argued), Assistant State's Attorney, Dickinson, for plaintiff and appellee.

MARING, Justice.

[¶1] Cody Lindstrom appeals from a conviction for driving under the influence of alcohol, in violation of section 39–08–01, N.D.C.C. We conclude section 29–17–46, N.D.C.C., limits the trial court's discretion

with regard to the order in which peremptory challenges may be exercised. We further conclude that although the trial court's method of permitting "banking" of peremptories was error, reversal is not mandated in this case because the peremptory challenges were actually exercised by the parties in a manner consistent with Rule 24(b), N.D.R.Crim.P., and section 29–17–46, N.D.C.C. We, therefore, affirm Lindstrom's conviction for driving under the influence.

## I.

[¶ 2] On September 28, 1996, Cody Lindstrom was charged with the offense of driving under the influence of alcohol, N.D.C.C. § 39–08–01, in the municipal court of Dickinson. Lindstrom's case was removed to district court for a jury trial. On May 23, 1997, the case was tried by a six person jury.

[¶ 3] During jury selection, the trial court ordered the names of fourteen potential jurors drawn from the initial venire of prospective jurors. If a potential juror was challenged for cause, that potential juror would be replaced by another from the initial venire in order to maintain fourteen potential jurors. After voir dire and the challenges for cause were completed, the process of peremptory challenges began with fourteen names on the Peremptory Challenge Sheet. Each side was entitled to four peremptory challenges.

[¶ 4] The City of Dickinson was initially given the Peremptory Challenge Sheet to exercise the first peremptory challenge, but instead passed the sheet to Lindstrom without either striking a potential juror or without writing pass on the sheet. Lindstrom objected and asked the trial court for clarification. The trial court stated the record would show the City of Dickinson had passed. Lindstrom then objected and moved for a mistrial. The trial court explained the City of Dickinson had accepted the first six jurors on the Peremptory Challenge Sheet and would get another chance to use its challenges if there were changes. The trial court further explained the city had not exhausted its first peremptory but still had four peremptory challenges remaining. The trial

court noted and overruled Lindstrom's objection.

[¶ 5] Lindstrom then took his first peremptory challenge and gave the sheet back to the City of Dickinson. The city again gave the sheet back to Lindstrom without either exercising a peremptory or writing pass on the sheet. Lindstrom renewed his objection in the following exchange with the trial court:

> MR. SCHOPPERT: Now has he passed again?

> THE COURT: Yes, he still has four left and you have three left.

> MR. SCHOPPERT: After I've used my four then he can take any four he wants.

> THE COURT: That's right.

[¶ 6] Lindstrom's objection was again overruled, and Lindstrom exercised another peremptory challenge. The City of Dickinson exercised one of its peremptory challenges after Lindstrom had exercised his third peremptory. After the city exercised that peremptory challenge, Lindstrom was permitted to take his fourth and final peremptory. The city did not exercise any more peremptories. In total, five potential jurors were excused, and the first six names remaining on the Peremptory Challenge Sheet were then selected as the jurors to serve in Lindstrom's trial.

[¶ 7] Lindstrom was found guilty of driving under the influence. The only issue raised by Lindstrom on appeal is whether the City of Dickinson should have been allowed to "pass and bank" its peremptory challenges during the voir dire process.

## II.

[¶ 8] Lindstrom argues the trial court's discretion under Rule 24(b), N.D.R.Crim.P., is limited by section 29–17–46, N.D.C.C., which prescribes a definite order for the exhaustion of peremptory challenges. Lindstrom further contends section 29–17–46, N.D.C.C., does not permit the prosecution to pass and save peremptory challenges for later use.

[¶ 9] In a criminal jury trial, Rule 24(b)(1), N.D.R.Crim.P., grants, "[e]ach side ... four (4) peremptory challenges when a

six (6) person jury is to be impaneled," as was the case here. The right to peremptorily challenge jurors, while not constitutionally protected, is considered "one of the most important of the rights secured to the accused," and "a necessary part of trial by jury." *See U.S. v. Williams,* 986 F.2d 86, 88 (4th Cir.1993) (quoting *Swain v. Alabama,* 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965); *Pointer v. United States,* 151 U.S. 396, 408, 14 S.Ct. 410, 414, 38 L.Ed. 208 (1894)). "Because peremptory challenges are a creature of statute and are not required by the Constitution, it is for the State to determine the number of peremptory challenges allowed and to define their purpose and the manner of their exercise." *Ross v. Oklahoma,* 487 U.S. 81, 89, 108 S.Ct. 2273, 2279, 101 L.Ed.2d 80 (1988) (citations omitted).

■ [¶ 10] "The right to peremptory challenges is afforded in aid of securing a fair and impartial jury." Rule 24, N.D.R.Crim. P., Explanatory Note. Under Rule 24(b)(1), parties exercise peremptory challenges in the rejection of prospective jurors, not in their selection. *Id.* Peremptory challenges are not aimed at disqualification, but rather are exercised against qualified jurors "as a matter of grace" to the challenging party. *Id.*

■ [¶ 11] Rule 24, N.D.R.Crim.P., is an adaptation of Rule 24, F.R.Crim.P. When a state rule is derived from a federal rule, we will consider the federal interpretation of the rule as persuasive authority. *See State v. Ensminger,* 542 N.W.2d 722, 723 (N.D.1996). Generally, a trial court has broad discretion in selecting a method by which it impanels a jury, and it is enough if the chosen method permits the defendant to exercise peremptory challenges free from embarrassment and intimidation. *See U.S. v. Anderson,* 39 F.3d 331, 344 (D.C.Cir.1994); *U.S. v. Miller,* 946 F.2d 1344, 1346 (8th Cir.1991); *see also City of Bismarck v. Holden,* 522 N.W.2d 471, 474 (N.D.1994) (holding the trial court did not abuse its discretion in refusing defendant's request for an additional challenge); *State v. Purdy,* 491 N.W.2d 402, 408–09 (N.D.1992) (stating Rule 24(b) gives the trial court broad discretion in granting or denying additional peremptory challenges).

■ [¶ 12] Rule 24(b) provides the minimum "number of peremptory challenges available to each side, but does not prescribe a system for striking jurors." *U.S. v. Warren,* 25 F.3d 890, 894 (9th Cir.1994). The order of challenging jurors peremptorily is generally within the trial court's discretion unless there is a controlling statute or rule of court. *See Pointer,* 151 U.S. at 410, 14 S.Ct. at 415; *see generally* 47 Am.Jur.2d *Jury* §§ 238, 240–41 (1995); 50A C.J.S. *Juries* § 440 (1997). Statutes regulating the order of challenges are usually held to be mandatory; however, in the event of deviation from the statutory order, some jurisdictions hold a showing of prejudice is necessary for relief to be granted. *See, e.g., State v. Petersen,* 368 N.W.2d 320, 321 (Minn.Ct.App.1985); *People v. Levy,* 194 A.D.2d 319, 598 N.Y.S.2d 231, 232 (1993); *see generally* 50A C.J.S. *Juries* § 440 (1997).

■ [¶ 13] In North Dakota, there are statutes controlling the trial court's discretion regarding peremptory challenges under Rule 24(b), N.D.R.Crim.P. *See* N.D.C.C. §§ 29–17–30, 29–17–46. In adopting Rule 24, N.D.R.Crim.P., certain sections of the North Dakota Century Code were superseded. *See* N.D.C.C. §§ 29–17–27 to 29–17–29, 29–17–31, 29–17–32, 29–17–39 to 29–17–43, 29–17–47, 29–17–48, 29–21–35, 33–12–21. However, section 29–17–46, N.D.C.C., remains as a statutory limitation on the trial court's discretion in the manner of exercising peremptory challenges. Section 29–17–46, N.D.C.C., specifically provides:

> If all challenges on both sides are disallowed, either party, first the state and then the defendant, may take a peremptory challenge, unless the party's peremptory challenges are exhausted.

[¶ 14] In 1947, the South Dakota Supreme Court addressed this issue regarding their own statute, S.D.C. § 34.3622, which, although later repealed,[1] had precisely the same language as the statute at issue in this

---

**1.** Section 34.3622, S.D.C., was later recodified as section 23–43–41, S.D.C.L., and then repealed and replaced by section 23A–20–25, S.D.C.L. *See* 1978 S.D. Laws ch. 178, §§ 256, 577.

case. *See State v. Sitts,* 71 S.D. 494, 26 N.W.2d 187 (1947). In interpreting their statute, the court in *Sitts* stated, "[t]he language of this statute requires that peremptory challenges shall be exercised alternately commencing with the State and terminating with the defendant. Under such statute 'the waiver of a challenge exhausts that challenge the same as though it had been used.'" 26 N.W.2d at 190 (citations omitted). We agree with this interpretation of the statute.

[¶ 15] It is clear from our statute peremptory challenges must be used alternatively, beginning with the state. When presented with the opportunity to challenge, the party may exercise a peremptory challenge; but upon waiving a peremptory, it must be considered an exhaustion of that peremptory. To permit a party to waive a peremptory and then save that peremptory for later use would effectively change the order provided in section 29–17–46, N.D.C.C., and would render the statute meaningless.

[¶ 16] In this case, the City of Dickinson was allowed to waive use of its challenges and apparently would have been permitted, had it so chosen, to use all four challenges after Lindstrom had exhausted his four challenges. As described in the record, this method not only would change the order of exercising challenges as prescribed by section 29–17–46, but also defeats the requirement that challenges be taken in an alternating fashion. The trial court's method of exercising peremptory challenges therefore violates section 29–17–46, N.D.C.C. Although the trial court's method is error, we conclude reversible error did not occur in the actual exercise of the peremptory challenges.

[¶ 17] Lindstrom argues the trial court committed reversible error by allowing the prosecution to "pass and bank" its peremptory challenges. The city, however, never used a "banked" peremptory. If the defendant's ability to exercise peremptory challenges is "denied or impaired," no showing of prejudice is necessary and relief would be justified. *See Swain,* 380 U.S. at 219, 85 S.Ct. at 835; *Miller,* 946 F.2d at 1346; *see generally* 50A C.J.S. *Juries* § 442. "The 'right' to peremptory challenges is 'denied or impaired' only if the defendant does not receive that which state law provides." *Ross,* 487 U.S. at 89, 108 S.Ct. at 2279. A showing of prejudice, however, is required where there are merely technical errors or irregularities which do not result in the impairment or denial of the defendant's peremptory challenges. *See Miller,* 946 F.2d at 1346; *Petersen,* 368 N.W.2d at 321; *Levy,* 598 N.Y.S.2d at 232.

[¶ 18] In this case, Lindstrom has shown neither a denial nor an impairment of his ability to exercise his peremptory challenges. In reviewing the actual exercise of peremptory challenges, we do not find a violation of either Rule 24(b)(1) or section 29–17–46. Lindstrom was permitted to effectively use all four of his challenges, and the City of Dickinson only exercised one challenge alternately between Lindstrom's third and fourth challenge. In effect, the City of Dickinson exercised its first three challenges by waiver or passing and exercised its fourth challenge in the prescribed order. Finally, even though the trial court's method violated section 29–17–46, Lindstrom has not claimed the impaneled jury was not impartial and has not shown any prejudice resulting from such error.

## III.

[¶ 19] We affirm Lindstrom's conviction for driving under the influence.

[¶ 20] VANDE WALLE, C.J., and MESCHKE, SANDSTROM and NEUMANN, JJ., concur.