■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR SOTO, Appellant. [699 NYS2d 53] —Judgment, Supreme Court, Bronx County (Daniel Sullivan, J.), rendered June 6, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's consent to the prosecutor's belated exercise of a peremptory challenge was valid. The record establishes that defendant's consent was not coerced by the court's stated plan to begin jury selection anew in the event that defendant did not give such consent. In any event, the court's alternate plan would have been a proper exercise of discretion (*see, Matter of Brackley v Donnelly*, 53 AD2d 849, 850) because of the unusual circumstances presented, in which a sudden disruption of voir dire by an emergency created confusion as to whether or not certain prospective jurors had been excused. Moreover, no prejudice to defendant resulted from the prosecutor's belated pe-

remptory challenge (*see, People v Levy,* 194 AD2d 319, *appeal dismissed* 82 NY2d 890).

By failing to object or by making generalized objections, defendant failed to preserve his current arguments regarding the court's admission of limited expert testimony from the undercover officer concerning the operation of street-level drug sales and we decline to review them in the interest of justice. Were we to review these claims, we would find that the evidence was admissible as probative of contested issues and did not unfairly prejudice defendant (*see, People v Kelsey,* 194 AD2d 248, 251-253). Concur—Sullivan, J. P., Williams, Wallach, Lerner and Saxe, JJ.