■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELROY KEMP, Appellant. [738 NYS2d 25] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered February 17, 1999, convicting defendant, after a jury trial, of three counts of robbery in the first degree, and sentencing him, as a violent felony offender, to concurrent terms of 20 years, unanimously affirmed.

By declining the court's offer of a suitable remedy, defendant waived his present claim that the prosecutor's exercise of a peremptory challenge was not in accord with the sequence provided by CPL 270.15 (2). In any event, defendant was not prejudiced by the technical irregularity that occurred when the court first rejected the prosecutor's peremptory challenge to the panelist in question as premature, and then, after defendant had exercised peremptory challenges to other panelists, permitted the prosecutor to renew his challenge to the panelist in question (see, People v Soto, 267 AD2d 15, lv denied 94 NY2d 925; People v Levy, 194 AD2d 319, appeal dismissed 82 NY2d 890).

Evidence that, at the time of defendant's arrest, a credit card belonging to one of the robbery victims was recovered from a sales clerk following defendant's attempt to use it was probative and admissible to connect the card to defendant. Although the use of the card in an attempt to fraudulently purchase merchandise constituted an uncharged crime, this circumstance was necessary to explain the chain of events and link defendant to the card since it was recovered from the sales clerk and not from defendant (cf., People v Matthews, 276 AD2d 385, lv

*denied* 96 NY2d 736). In any event, most of the details surrounding the credit card incident were elicited by defendant on cross-examination. Moreover, the court's limiting instructions minimized any prejudice.

We perceive no basis for a reduction of sentence. Concur—Tom, J.P., Mazzarelli, Sullivan, Wallach and Marlow, JJ.