■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD JOHNSON, Appellant. [808 NYS2d 549]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered November 17, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the

third and seventh degrees, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, 6 to 12 years and 1 year, respectively, unanimously affirmed.

The court's decision to permit the prosecutor to exercise a peremptory challenge after defendant had completed his challenges does not warrant reversal. Where the record clearly establishes that the prosecutor genuinely made a mistake in striking the wrong juror, where defendant did not himself waste a challenge on the subject juror and where defendant took advantage of the court's offer to change his own challenges, the benefits conferred by CPL 270.15 (2) were not significantly impaired (*see People v Alston*, 88 NY2d 519, 528 [1996]; *see also People v Kemp*, 291 AD2d 236 [2002]; *People v Levy*, 194 AD2d 319, 320-321 [1993], *appeal dismissed* 82 NY2d 890 [1993]). The prosecutor did not acquire any tactical advantage or place defendant at any kind of disadvantage.

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Sullivan, Williams, Gonzalez and Catterson, JJ.