■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD GORDON, Appellant. [873 NYS2d 578]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered December 21, 2006, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him to an aggregate term of 25 years, unanimously reversed, on the law, and the matter remanded for a new trial.

During voir dire of prospective jurors, after defense counsel had exercised his peremptory challenges, the court permitted the prosecutor to exercise a peremptory challenge to a panelist who had already been accepted by the defense and seated as a juror. However, CPL 270.15 (2) precludes the People from challenging a prospective juror remaining in the jury box after a defendant has exercised his or her peremptory challenges. Because defendant was thereby deprived of a juror he wished to have seated, and because the court did not provide him with a remedy, such as allowing him to re-exercise his peremptory challenges, we find that he was significantly prejudiced, such that a new trial is required (*see People v McQuade*, 110 NY 284 [1888];

*compare e.g. People v Levy*, 194 AD2d 319, 320-321 [1993], *appeal dismissed* 82 NY2d 890 [1993] [court's remedy prevented any prejudice]).

We reject defendant's challenge to his first-degree robbery conviction. Concur—Mazzarelli, J.P., Friedman, Gonzalez, Catterson and Renwick, JJ.